```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHANEL ARMSTRONG,
```

        Plaintiff,        **ORDER**
                       CV-98-2416 (SJ) (SMG)

 -against-

BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, et al.,

        Defendants.
----------------------------------------------------------------X

**AZRACK, United States Magistrate Judge:**

  On March 14, 2006, in response to a request made by plaintiff's counsel, Stephen Mitchell, I agreed to conduct a settlement conference in this case. On March 15, 2006, I issued an Order directing counsel to appear before me on March 24, 2006 for that purpose. Despite Mr. Mitchell's gross mischaracterization of the events that took place at that conference, Mr. Mitchell's uncooperative attitude and disrespect for this Court made my efforts to have meaningful settlement discussions nearly impossible. Nevertheless, I made a recommendation to counsel regarding what I believed was a fair settlement of the case. Mr. Mitchell, however, stated that he found my recommendation insulting. As a result, I recommended that the case be returned to the Honorable Sterling Johnson, Jr. for motion practice.

  The week of April 24, 2006, Mr. Mitchell contacted my chambers to request another settlement conference. After further discussions with his client, Mr. Mitchell informed the Court that Ms. Armstrong was willing to settle the case for $150,000, inclusive of attorney's fees, provided that she receive payment within 7-10 business days. To facilitate a settlement agreement, I agreed to conduct a telephone conference with defendant's counsel, John Sullivan. Because Mr. Sullivan was on vacation that week, my chambers notified Mr. Mitchell that the conference would not take

place until Mr. Sullivan returned from vacation the following week.

On May 1, 2006, I had a telephone conference with Mr. Sullivan and conveyed plaintiff's willingness to settle the case for $150,000. I advised Mr. Sullivan to discuss the matter further with his clients and contact chambers with a response. Throughout the week, Mr. Mitchell telephoned chambers incessantly to inquire whether defendant's would settle the case. Each time he called, Mr. Mitchell was advised that chambers would notify him as soon as Mr. Sullivan contacted the Court. Mr. Mitchell nevertheless continued to call chambers, sometimes more than once per day.

On May 8, 2006, Mr. Sullivan notified chambers that defendant's offer to settle the case remained at $100,000. Later that afternoon, a message was left for Mr. Mitchell to contact chambers at his earliest convenience. On May 9, 2006, Mr. Mitchell telephoned chambers, and was informed of defendant's offer by my law clerk, at which time he became belligerent and rudely stated that the Court had not made a meaningful attempt to settle this case.

As a result of Mr. Mitchell's unprofessional and disrespectful conduct, it is hereby ordered that he refrain from telephoning chambers. Any further communications with chambers are to be submitted in writing, via ECF or facsimile.

**SO ORDERED.**

Dated: May 10, 2006
       Brooklyn, New York

                                       _____/s/_____
                                       JOAN M. AZRACK
                                       UNITED STATES MAGISTRATE JUDGE